THE STATE OF KANSAS V. A. B. WILLIAMS.

No. 15,607.   (94 Pac. 160.)

Appeal from Labette district court; THOMAS J. FLANNELLY, judge.   Opinion filed February 8, 1908. Affirmed.

*Fred S. Jackson,* attorney-general, *John S. Dawson,* assistant attorney-general, *C. E. Pile,* county attorney, for The State; *S. H. Allen,* and *J. D. Milliken,* of counsel.

*W. D. Atkinson,* for appellant.

*Per Curiam:* Williams was convicted on one count in the district court of Labette county of the offense of criminal libel, and appeals.   The case has been in this court before (*The State v. Williams,* 74 Kan. 180, 85 Pac. 938), where a general statement of facts will be found.

Numerous complaints are made that improper evidence for the state was admitted and that competent and material evidence on behalf of the appellant was excluded.   We have carefully examined all of these assignments and find no material error therein.

Complaint is also made of the ninth instruction given by the court.   This instruction follows almost too closely an instruction which was held erroneous in the former decision in this case, but the publication is self-contradictory on the subject referred to in this instruction.   In one part it implies that Higginbottom was swindled by a change made in the conditions of his policy, after it was issued, 'of which change he did not know until informed by the adjuster after the loss.   In another part of the circular it is stated that by the terms of the by-laws of the insurance company its directors had a right to make the change, and that Higginbottom's attention had been called to this fact a year before.   Read in connection with the other instructions we think no substantial error was committed.   The whole circular and other instructions were before the jury, and in this class of prosecutions the instructions are advisory only to the jury.

Some evidence was rejected tending to justify the charge of a discrimination in rates of insurance; afterward other evidence fully setting forth the appellant's claim was admitted.   It should all have been admitted.   As appears from the evidence of the state, the discrimination was in effect admitted and explained as not based upon a greater or less risk as to the particular properties, but the higher rate was upon town property and the lower upon farm property, a distinction in class which is generally recognized.   After the court had changed its ruling

the defendant did not again offer the excluded testimony, as he probably would, although not required to do so, if he still regarded it as material. We do not think any prejudice resulted to the appellant from the technical error.

No reversible error seems to have been made and the judgment is affirmed.